UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

_____X

AMRAM LINKOV

Plaintiff

-against-

DAVID GOLDING d/b/a SUKI & DING d/b/a SUKI
& DING PRODUCTIONS, MILTON TANENBAUM a/k/a
UNCLE MOISHY d/b/a UNCLE MOISHY, INC.

Defendants
_____X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 3 0 2012 ★

BROOKLYN OFFICE
CIVIL ACTION NO.

CV 12 COMPLAINT 2722

Jury Trial Demanded BLOCK, J.

BLOCK, M.

Plaintiff, Amram Linkov, by his attorney, Maxim Maximov, complains of the Defendants as follows:

## PARTIES

1.   Plaintiff, Amram Linkov, is a resident of Brooklyn, New York.

2.   Defendant David Golding d/b/a SUKI & DING d/b/a SUKI & DING PRODUCTIONS, on information and belief is a resident of New York, New York and has an office and place of business in New York, New York.

3.   Defendant Milton Tanenbaum a/k/a Uncle Moishey d/b/a Uncle Moishey, Inc., on information and belief, is a resident of Brooklyn, New York.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction in this case under the Copyright Act and the Lanham Act, 17 U.S.C. § 101 et seq, and 15 U.S.C. § 1051 et seq., respectively, pursuant to 28 U.S.C. §§ 1338(a) and (b) and 1331, and the doctrine of pendent jurisdiction. Venue is proper in this case under 28 U.S.C. § 1391(b)(1) and 1391(b)(2).

## NATURE OF THE CASE

5.      This is a complaint for copyright infringement in violation of the U.S.

Copyright Act, 17 U.S.C. 101 et seq. including 17 USC 106 (5) for federal trademark

infringement, unfair competition and violation of the Lanham Act, 15 U.S.C. 1051 et seq., and 15

U.S.C. §§ 1114 and 1125(a) in particular, and unjust enrichment, conversion, common law

trademark infringement, common law unfair competition, fraud and violations of the right of

publicity and privacy under the common law and statutes of the State of New York, and Sections

50 and 51 of the New York Civil Rights Act.

## INFRINGING ACTS

6.      Plaintiff Amram Linkov is a famous and distinguished world class acrobat formerly

with the All Russia Circus and who now performs as a freelance acrobat performing publicly

throughout the United States and various other countries.

7.      Defendants are producers and marketers of various entertainment media including

live shows and recordings produced by electronic media which are sold all over the world.

8.      Defendants orally engaged the services of the Plaintiff to do a live performance at

one of their events.  There was no writing or other authorization for the Defendants to videotape

the performance and/or make any commercial use of the Plaintiffs performance at which he

performed.

9.      Defendants are experienced producers and marketers well known in the

entertainment industry and as such were fully aware that they had absolutely no right to make use

of a performer's performance without the authorization or license from the performer.

10.     Plaintiff never authorized or licensed the Defendants to record or make any

commercial use of his said performance.

11.     Notwithstanding the fact that Defendants were not authorized to make any other

commercial use of his performance, the Defendants willfully took a video recording of the

2

Plaintiffs performance and transferred it to a disc with other performances by other performers such as "The Twins" from France, "Bello the Clown", and Defendant Tanenbaum a/k/a "Uncle Moishy". Defendants are publishing and selling it as a "New DVD from SUKI & DING" titled "It's Amazing". Plaintiff has seen this DVD for sale at various retail music stores and other outlets in Brooklyn for $23.99 and it is advertised and available for sale on the Defendants' websites for the same price.

12.    Plaintiff was never alerted to the use of his performance in the DVD and never agreed to it and never received any compensation for it whatsoever.

13.    Immediately upon discovering the unauthorized use of his performance on the DVD, Plaintiff contacted his attorney who notified Defendants in writing of their illegal use of his performance but the Defendants simply ignored the letter and continued to market, promote and sell copies of the said DVD in violation of Plaintiff's rights.

14.    Plaintiff relies for his livelihood on the performance of his act for compensation. To the extent that people can see his act on the said DVD and show it to their friends without hiring him to perform causes the Plaintiff actual and substantial damages.

15.    To the extent that Defendants sell the said DVDs containing the Plaintiff's performance which they did not pay for and were not authorized to make use of, the Defendants have illegally profited at Plaintiff's expense and have caused Plaintiff a substantial loss.

## FIRST CLAIM FOR RELIEF
### *(Copyright Infringement)*

16.    The allegations of paragraphs 1 through 15 above are hereby realleged and repeated with the same force and effect as if fully set forth at this point.

17.    By their conduct as alleged herein, the Defendants have unlawfully rented, sold, distributed, and offered for rental, sale, and distribution in this District, unauthorized DVD's and

3

/or videotape copies of the Plaintiff's performance without the consent or authority from the Plaintiff.

18.     The Defendants are liable for infringement of the Plaintiffs' copyrights and the Plaintiffs' exclusive rights under copyright in violation of the Copyright Act, 17 U.S.C. § 101, et. seq.

19.     Each sale and distribution of the DVD constitutes a separate and distinct act of infringement in violation of Plaintiff's right in the said performance.

20.     The foregoing acts of infringement perpetrated by the Defendants have been willful, intentional, and purposeful, in disregard of and with indifference to the rights of the Plaintiff.

21.     As a direct and proximate result of the infringements of the Plaintiff's exclusive rights under copyright in the said performance, Plaintiff is entitled to his actual damages and disgorgement of the Defendants' profits in amounts which are not currently ascertainable but to be proven at trial.

22.     Alternatively, the Plaintiff is entitled to statutory damages with respect to each of the said acts of infringement by the Defendants, or such other amounts as may be proper under 17 U.S.C. § 504(c).   Moreover, the Plaintiff is entitled to statutory damages for willful violations as against the Defendants.

23.     The Plaintiffs are further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

24.     The Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiffs great and irreparable injury that cannot fully be compensated or measured in a monetary value.

25.     The Plaintiffs have no adequate remedy at law.

4

26.     Pursuant to 17 U.S.C. § 502, et seq., the Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringements of the Plaintiff's copyright and exclusive rights.

27.     The Plaintiff is further entitled to impoundment and destruction or other reasonable disposition of all: (i) copies found to have been made or used in violation of the Plaintiff's exclusive rights; and (ii) all other articles or electronic equipment used for the infringing copying or reproduction of the Plaintiff's said performance.

## SECOND CLAIM FOR RELIEF
### *(Unfair Competition)*

28.     The Plaintiff incorporates the allegations of paragraphs 1 through 27 of this complaint.

29.     By their conduct as alleged herein, the Defendants are trading on the Plaintiff's reputation, talent and goodwill without authorization from the Plaintiff.

30.     The Plaintiff has spent many years and a significant amount of money in developing his skills, talent and reputation as a world class acrobat and in developing his own acts, performances and shows and has a valuable and protectable interest in the same.

31.     The conduct of the Defendants as alleged herein constitutes unfair competition and infringement of the Plaintiff's' protected skills, talent and reputation, acts, performances and shows, in violation of section 43(a) of the Lanham Act; 15 U.S.C. § 1125(a).

32.     As a result of the conduct of the Defendants, the Plaintiff has suffered damages in an amount equal to the profits generated by the Defendants' rental, sale and distribution of unauthorized copies of the Plaintiff's performance, the profits the Plaintiffs would have generated if not for the Defendants' illegal and improper conduct, and damage to the Plaintiff's protectable interest in the same, all in amounts to be proved at trial.  In addition, the Plaintiff is entitled to an award of his costs and attorneys' fees incurred herein.

33.    The Plaintiff is further entitled to an injunction preventing the Defendants and their agents and employees from copying, reproducing, renting, selling, distributing, or offering for rental, sale, or distribution, any of the Plaintiff's protected and copyrightable performance. The Plaintiff is also entitled to an order that all articles or electronic equipment used for the infringing copying or reproduction of the Plaintiff's said performance be impounded pending resolution of this action and thereafter destroyed.

## THIRD CLAIM FOR RELIEF
### *(Common Law Copyright)*

34.    The allegations of paragraphs 1 through 33 above are hereby realleged and repeated with the same force and effect as if fully set forth at this point.

35.    By their conduct as alleged herein, the Defendants have unlawfully rented, sold, distributed, and offered for rental, sale, and distribution in this District, unauthorized DVD and /or videotape copies of the works, or some of them, of the Plaintiffs without the consent or authority from the Plaintiff.

36.    The Defendants are liable for infringement of the Plaintiffs' copyrights and the Plaintiffs' exclusive rights under common law and statutory copyright in his said performance in violation of the common law copyright and statutory rights under the Copyright Act, 17 U.S.C. § 101, et. seq.

37.    The infringement of each Plaintiffs rights in and to each of the infringed Works constitutes a separate and distinct act of infringement.

38.    The foregoing acts of infringement perpetrated by the Defendants have been willful, intentional, and purposeful, in disregard of and with indifference to the rights of the Plaintiff.

39.    As a direct and proximate result of the infringements of the Plaintiff's copyrights and exclusive rights under copyright in the said performance, the Plaintiff is entitled to his actual

6

damages and disgorgement of the Defendants' profits in amounts which are not currently

ascertainable but to be proven at trial.

40.     The acts of the Defendants as aforesaid were carried out in such manner as to

entitle the Plaintiff to exemplary and punitive damages.

### FOURTH CLAIM FOR RELIEF
#### *(New York Civil Rights Law Violations)*

41.     The allegations of paragraphs 1 through 40 above are hereby realleged and repeated

with the same force and effect as if fully set forth at this point.

42.     The actions of the Defendants as above stated violate the rights of the Plaintiff as

the same are protected under Section 50 of the New York Civil Rights Law which reads as

follows:

> "A person, firm or corporation that uses for advertising purposes, or for the purposes of
> trade, the name, portrait or picture of any living person without having first
> obtained the  written consent of such person, or if a minor of his or  her  parent  or
> guardian, is guilty of a misdemeanor."

43.     Section 51 of the New York Civil Rights Law provides for damages to such person

whose rights are so violated of actual damages, exemplary damages, and equitable relief.

44.     On information and belief the Defendants purposely left Plaintiff's name off the

jacket of the DVD and other materials utilized in advertising the DVD containing his act but just

described his act because they knew that what they were doing was wrong and in violation of

Plaintiff's rights but did not want to alert Plaintiff as to what they were doing.

45.     On information and belief, the Defendants' actions were willful and malicious with

the intent of making commercial use of his act without compensating Plaintiff for the use of his

performance.

46.     As a result, Plaintiff is entitled to actual and exemplary damages and equitable

relief including disgorgement of all profits that they made on the sale of all works containing

7

Plaintiff's said performance and an injunction preventing the Defendants and their agents and employees from copying, reproducing, renting, selling, distributing, or offering for rental, sale, or distribution, of any works containing the Plaintiff's protected and copyrightable performance. The Plaintiff is also entitled to an order that all articles or electronic equipment used for the infringing copying or reproduction of the Plaintiff's said performance be impounded pending resolution of this action and thereafter destroyed.

## FIFTH CLAIM FOR RELIEF
### (Fraud and Misrepresentation)

47.     The allegations of paragraphs 1 through 46 above are hereby realleged and repeated with the same force and effect as if fully set forth at this point.

48.     The Defendants made certain false representations to the Plaintiff at the time that they engaged his services.

49.     On information and belief, said representations were made by the Defendants knowing that they were false at the time that they were made, i.e. that the Plaintiff was being engaged for one show only and that the Defendants had no intention to commercially appropriate the Plaintiff's performance.

50.     Said representations were clearly intended to induce the Plaintiff to perform his act for an unusually reduced price and to later commercially exploit the said performance without paying for it.

51.     On information and belief, the Defendants at all times knew that the said representations were false and that they had commercial objectives in mind but the Plaintiff believed that said representations were true and relied on said representations in agreeing to do the performance at a minimal price.

52.     As a result of Defendants said misrepresentations as aforesaid, the Defendants were able to commercially appropriate the Plaintiff's valuable rights in his said performance.

8

53.     The Plaintiff, in reliance on the Defendants' misrepresentations, agreed to and did in fact perform at Defendants' show which resulted in substantial damages to the Plaintiff. The amount of which are at present unknown, but will be established at trial.

54.     The Plaintiff is entitled to recover from the Defendants his actual damages and exemplary and punitive damages.

### SIXTH CLAIM FOR RELIEF
### *(Unfair Trade Practices)*

55.     The allegations of paragraphs 1 through 55 above are hereby realleged and repeated with the same force and effect as if fully set forth at this point.

56.     The Defendants' fraudulent act of misappropriating the property rights of the Plaintiff in his said performance constitutes unfair competition and unfair trade practices.

57.     The Defendants' fraudulent acts of misappropriation amounted to an unjustifiable interference and encroachment on the commercial prospective advantages that were represented by the Plaintiff's vested property rights in his performance.

58.     This unauthorized act of misappropriation by the Defendants resulted in substantial damages to the Plaintiff, the amount of which are at present unknown, but will be established at trial.

59.     The Plaintiff is entitled to recover from the Defendants his actual damages and exemplary and punitive damages.

WHEREFORE, Plaintiff demands judgment as follows:

1.      On the FIRST CLAIM FOR RELIEF against the Defendants, jointly and severally for the Plaintiff's actual damages in an amount to be determined at trial plus exemplary damages in the amount of $200,000.00 plus equitable relief consisting of preliminary and permanent injunctions prohibiting further infringements of the Plaintiff's copyright and exclusive rights and impoundment and destruction or other reasonable disposition of all: (i) copies found to have been

9

made or used in violation of the Plaintiff's exclusive rights; and (ii) all other articles or electronic equipment used for the infringing copying or reproduction of the Plaintiff's said performance plus reasonable attorneys' fees and costs.  Or in the alternative, for statutory damages as called for in the statute plus reasonable attorneys fees and costs,

2.     On the SECOND CLAIM FOR RELIEF against the Defendants, jointly and severally for the Plaintiff's actual damages in an amount to be determined at trial plus exemplary damages in the amount of $200,000.00 plus equitable relief consisting of preliminary and permanent injunctions prohibiting further infringements of the Plaintiff's copyright and exclusive rights and impoundment and destruction or other reasonable disposition of all: (i) copies found to have been made or used in violation of the Plaintiff's exclusive rights; and (ii) all other articles or electronic equipment used for the infringing copying or reproduction of the Plaintiff's said performance plus reasonable attorneys fees and costs.  Or in the alternative, for statutory damages as called for in the statue plus reasonable attorneys fees and costs.

3.     On the THIRD CLAIM FOR RELIEF against the Defendants jointly and severally for the Plaintiff's actual damages in an amount to be determined at trial plus exemplary damages in the amount of $200,000.00 plus equitable relief consisting of preliminary and permanent injunctions prohibiting further infringements of the Plaintiff's copyright and exclusive rights and impoundment and destruction or other reasonable disposition of all: (i) copies found to have been made or used in violation of the Plaintiff's exclusive rights; and (ii) all other articles or electronic equipment used for the infringing copying or reproduction of the Plaintiff's said performance plus reasonable attorneys fees and costs.  Or in the alternative, for statutory damages as called for in the statue plus reasonable attorneys fees and costs.

4.     On the FOURTH CLAIM FOR RELIEF against the Defendants, jointly and severally for the Plaintiff's actual damages in an amount to be determined at trial plus exemplary

10

damages in the amount of $200,000.00 plus reasonable attorneys fees and costs as provided in the statute.

  5.  On the FIFTH CLAIM FOR RELIEF against the Defendants, jointly and severally for the Plaintiff's actual damages in an amount to be determined at trial plus exemplary damages in the amount of $200,000.00 plus costs.

  6.  On the SIXTH CLAIM FOR RELIEF against the Defendants, jointly and severally for the Plaintiff's actual damages in an amount to be determined at trial plus exemplary damages in the amount of $200,000.00 plus costs.

DATED: Brooklyn, New York
    May 29, 2012

         By
         Barry Janay, Esq.
         Maxim Maximov, Esq.
         Maxim Maximov, LLP
         Attorneys for Plaintiff
         1600 Avenue M, Second Floor
         Brooklyn, NY 11230
         Tel. 718-395-3459
         Fax 718-408-9570

11

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

————————————————————————— X

AMRAM LINKOV

                                                 CIVIL ACTION NO.

                               Plaintiff

                    -against-

DAVID GOLDING d/b/a SUKI & DING d/b/a SUKI
& DING PRODUCTIONS, MILTON TANENBAUM a/k/a
UNCLE MOISHY d/b/a UNCLE MOISHY, INC.

                               Defendants

————————————————————————— X

## CLAIM OF JURY TRIAL

Plaintiff claims a trial of his cause by jury.

DATED:  Brooklyn, New York
          May 29, 2012

                                By_____
                                Barry Janay, Esq.
                                Maxim Maximov, Esq.
                                Maxim Maximov, LLP
                                Attorneys for Plaintiff
                                1600 Avenue M, Second Floor
                                Brooklyn, NY 11230
                                Tel.  718-395-3459
                                Fax  718-408-9570