UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AMRAM LINKOV,

                Plaintiff,                      **ORDER**

  - against -                                **12 CV 2722 (FB)(LB)**

DAVID GOLDING,

                Defendant.

------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiff filed a letter motion to amend the complaint in this copyright infringement action and defendant opposed. (ECF Nos. 30, 31, 34, 35.) For the reasons set forth below, the Court grants plaintiff leave to file the proposed Amended Complaint.

## BACKGROUND

      The underlying facts of this action are detailed in the Court's Report recommending that defendant's motion to vacate the default be granted and that his answer be filed *nunc pro tunc*. (ECF No. 17.) After this Report and Recommendation was adopted, the Court held an initial conference, during which I directed plaintiff to file any motion to amend by February 7, 2014. Instead of filing a motion, plaintiff filed a letter attaching the proposed Amended Complaint. The proposed Amended Complaint adds two sentences to the Original Complaint. First, the Amended Complaint states that Milton Tanenbaum was dismissed from this action. (Proposed Amended Compl. ¶ 3.) Second, plaintiff states that his rights are protected by Registration No. Pau 3-707-063 from the United States Copyright Office. (Proposed Amended Compl. ¶ 5.)

      Defendant opposes the amendment on three grounds: (a) plaintiff failed to file a motion in support of his request to amend; (b) the amendments fail to state a claim; and (c) the

1

remainder of the proposed amended complaint (essentially the original complaint) fails to meet the pleading standards set forth in Rules 8 and 9(b) of the Federal Rules of Civil Procedure. (ECF No. 35.) Defendant requests that plaintiff "not be granted leave to file its amended complaint and it should be directed to withdraw its original complaint." (Id. at 2.)

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178 (1962)).

The Court finds no bad faith, undue delay, or prejudice to defendant by permitting amendment – and defendant alleges none. Although defendant asserts that the amendment would be futile, he also requests that the original complaint should be "withdrawn" because it fails to meet the minimal pleading standards. In light of the fact that the proposed Amended Complaint adds two sentences to the Original Complaint and defendant asserts that both complaints are insufficient under the Federal Rules, the Court finds the better course here is to permit amendment, without prejudice to defendant moving to dismiss the Amended Complaint. The Court, however, admonishes plaintiff's counsel for failing to include a notice of motion and memorandum of law in support of his request to amend as required by Local Civil Rule 7.1. Counsel shall abide by Local Civil Rule 7.1 in the future or he shall be subject to sanctions.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to amend is granted. Defendant shall respond to the Amended Complaint by May 14, 2014. Should defendant seek permission to move to dismiss in lieu of filing an answer, he shall request a pre-motion conference in accordance with Judge Block's Individual Motion Practices and Rules by May 14, 2014. SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: April 10, 2014
      Brooklyn, New York